## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **(1) DEVIN P. PLAISANCE,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>) **COMPLAINT**<br>**(1) SPEEDY CASH,** ) **(Violation of Electronic Funds**<br>) **Transfer Act)**<br>**Defendant.** )<br>**JURY TRIAL DEMANDED** | |

## COMPLAINT

NOW COMES Plaintiff, Devin P. Plaisance, and for a Complaint against Defendant, Speedy Cash, alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim against Speedy Cash for violation of the Electronic Funds Transfer Act, codified 15 U.S.C. § 1693g et seq. (hereinafter "EFTA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the EFTA:

(a) **Rights and liabilities undefined**

    The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to the unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions, and intermediaries in electronic fund transfers undefined.

(b) **Purposes**

    It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems.

The primary objective of this subchapter, however, is the provision of individual consumer rights.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1693m(g), which states that such actions may be brought "[w]ithout regard to the amount in controversy" and heard before "any United States district court".

4. Defendant conducts business in the state of Louisiana; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## STANDING

6. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7. Specifically, Plaintiff suffered a concrete injury to available funds and reputation as a result of Defendant's unauthorized electronic transaction from Plaintiff's

## PARTIES

8. Plaintiff is a natural person who resides in Parish of Jefferson, Louisiana.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1693a(6), and according to Defendant, Plaintiff allegedly has an account as that term is defined by 15 U.S.C. 1693a(2).

10. Defendant is a financial institution as that term is defined by 15 U.S.C. 1693a(9), and sought to collect a consumer debt from Plaintiff.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business with an office in Wichita, Kansas.

12. Upon information and belief, Defendant uses interstate mail and makes telephone calls to consumers attempting to collect on consumer debt and makes interstate electronic fund transfers.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. On or around 2017, Plaintiff took out a loan with Defendant.

15. On or around April 7, 2017, Plaintiff paid Defendant in full and Plaintiff supposedly closed the account.

16. On December 5, 2019, more than two years after satisfying the debt in full, Plaintiff checked his bank account and noticed an unauthorized electronic transfer initiated by Plaintiff for $405.00 listed as Speedy #186 Payment Loan. This unauthorized electronic transfer lead to Plaintiff's bank account overdrawing. By further consequence of this unauthorized electronic transfer, Plaintiff was unable to access monies, nor make payments for necessary purchases including car insurance, and subsequently received overdraft fees.

17. On December 9, 2019, two business days after the December 5, 2019, Plaintiff called Defendant and notified Defendant of the unauthorized electronic transfer. On this call, Defendant told Plaintiff that Defendant did not make any electronic transfer from Plaintiffs bank account.

18. Upon it appearing as through Defendant would not return the unauthorized electronic transaction, Plaintiff contacted his bank and initiated a dispute investigation.

19. On January 7, 2020, Plaintiff's bank finalized the dispute investigation and deposited $405.00 back in Plaintiff's bank account.

20. As the date of the filing of this Complaint, Defendant has still not reported to Plaintiff that any withdraw or investigation regarding the unauthorized electronic funds transaction occurred.

21. On February 2, 2019 again called Defendant to discuss the unauthorized electronic transfer. On this call, Defendant still claimed there had been no activity, transactions, notes or investigation subsequent to the 2017 payment in full.

22. This Court has held that "financial institutions are required by the Electronic Funds Transfer Act (EFTA) to investigate an alleged unauthorized withdrawal within 10 days of having been notified, see 15 U.S.C. § 1693f(a), and can be held civilly liable for failing to do so..." Smith v. Bellows (E.D. La. 2011).

23. On December 9, 2019 and February 2, 2020, Defendant knew or should have known that Defendant had made an unauthorized electronic transfer because Plaintiff had previously notified Defendant within 60 days of the unauthorized electronic transfer.

24. Even though Defendant knew or should have known, prior to December 9, 2019 and February 2, 2020, that Defendant had made an unauthorized electronic transfer, Defendant failed to within 10 days, initiate an investigation, provisionally credit Plaintiff, or thereafter communicate to Plaintiff the result of any investigation in violation of 15 U.S.C. § 1693f(a), (c) and (d).

25. Plaintiff has suffered actual damages as a result of these illegal actions and inactions by Defendant in the form of overdraft penalties, loss of available funds, loss of ability to insure a personal vehicle, loss of time addressing the issues related to the unauthorized electronic transfer, and anger and frustration, amongst other negative emotions.

## COUNT I
## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT, (EFTA), 15 U.S.C. § 1693f et seq.

26. Defendant violated §1693f(a) of the EFTA by failing to investigate, report, or recredit an unauthorized electronic fund transfer within 10 days of notification of error.

27. Defendant violated §1693f(b) of the EFTA by failing to promptly correct the errors associated with the unauthorized electronic fund transfer.

28. Defendant violated §1693f(e) of the EFTA by failing to provisionally credit Plaintiff, undertake a good faith investigation of the unauthorized electronic fund transfer without a good faith basis for believing the transfer was not in error, and knowingly and willfully concluding that the transfer was not in error when such conclusion could not have been reasonably drawn from the evidence available to Defendant.

**WHEREFORE**, Plaintiff, Devin P. Plaisance, respectfully prays that judgment be entered against Defendant, Speedy Cash, for the following:

a) Treble damages under the EFTA, 15 U.S.C. 1693f(e)

b) Actual damages pursuant to the EFTA, 15 U.S.C. 1693m(a)(1);

c) Statutory damages of not less than $100 nor greater than $1,000.00, pursuant to the EFTA, 15 U.S.C. 1693m(a)(2)A);

d) Costs and reasonable attorney's fees pursuant to the EFTA, 15 U.S.C. 1693m(a)(3); and

e) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Niko Imbraguglio
Niko Imbraguglio, LSBA #37392
PARAMOUNTLAW
CONSUMER PROTECTION FIRM
43014 Dauphine St
Ste A #26107
New Orleans, LA 70117
(504) 321-8383 voice

(918) 895-9774 fax
6795@paramount-law.net